FILED '09 NOV 17 15:13 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JERRY A. BRENDEN,

        Plaintiff,        Civil No. 09-6317-TC

        v.        FINDINGS AND RECOMMENDATION

SELLEN CONSTRUCTION
COMPANY, et al.,

        Defendants.

COFFIN, Magistrate Judge.

Plaintiff's Application to Proceed In Forma Pauperis (#1) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed sua sponte.

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991);

1 - FINDINGS AND RECOMMENDATION

Jackson, 885 F.2d at 640.

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 193) (quoting Hishon v. King Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, the court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In Civil rights cases involving a plaintiff proceeding pro se, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988); see also, Lopez, 939 F.2d at 883.

Before dismissing a pro se civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987)  A pro se litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.

1987).

The documents docked as plaintiff's "complaint" in this action fail to comply with the minimal pleading standards set forth in F.R.Civ.P. 8(a) and are insufficient to enable the court to ascertain the nature of plaintiff's claim.
No jurisdictional basis is alleged. No facts are alleged that could reasonably be construed as establishing a federal jurisdictional basis for a possible claim. No facts are alleged that would suggest defendants are subject to the jurisdiction of this court.

Plaintiff's claim apparently arises out of the same circumstances as plaintiff's previous filings in this court. I take judicial notice that plaintiff has filed at least four previous lawsuits naming Sellen Construction Company as a defendant. Each of those cases was dismissed for failure to state a claim and lack of jurisdiction. Based on plaintiff's previous filings I find that the deficiencies of the complaint before the court cannot be cured by amendment.

Plaintiff's complaint should be dismissed for lack of jurisdiction, for failure to state a claim. This case should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have

3 - FINDINGS AND RECOMMENDATION

ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 17 day of November, 2009.

Thomas M. Coffin
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION